[Civil No. 331.    Filed November 18, 1892.]

[31 Pac. 547.]

W. B. SLAUGHTER et al., Plaintiffs and Appellants, v. GEORGE MARLOW et al., Defendants and Appellees.

1. DAMAGES—MEASURE OF—ACTUAL COMPENSATION FOR LOSS.—In actions for breach of contract the circumstances of each case must determine what measure of damages should apply, having in view always the giving of actual compensation for actual loss.

2. SALES—BREACH OF CONTRACT—VENDOR'S REMEDIES—MEASURE OF DAMAGES.—For a breach of a valid contract of sale of chattels by the vendee, in failing to accept and pay the contract price, the vendor may treat the contract as a complete sale, and at his option, either store the goods as the property of the vendee, or within a reasonable time resell in the open market. If he hold the property for the vendee he may recover the full contract price. If he resells, the law deems him agent of the vendee, and he may apply the proceeds as payment *pro tanto*, and, if less than the contract price, recover the difference. He may also treat the contract as executory, and the sale as not having vested title in the vendee, and retain the property as his own, and may sue and recover any loss of profit had the contract price been paid. This would be the difference

between the contract price and the market value at the time and place of delivery.

3. SAME—ELECTION OF REMEDY—RESALE—EVIDENCE—MEASURE OF DAMAGES—INSTRUCTIONS.—Where the vendors plead they have resold the property and ask the difference between the contract price and the amount they have realized from the sale, they have elected their remedy, and must show the amount realized from the sale. The measure of damages is the difference between the contract price and the actual amount realized from the sale in excess of the necessary and proper expenses of the sale and the keep of the property, and an instruction that the measure of damages is the difference between the contract price and the market value at the time and place of delivery is error.

4. APPEAL AND ERROR—REVIEW—FAILURE TO SAVE OBJECTION BELOW—WAIVED.—Where appellee entered no default upon appellant's failure to answer his counterclaim below, and permitted evidence thereon to be admitted without objection, appellee may assign error as to matters arising upon such counterclaim as it is too late on appeal to obtain an advantage which might have been taken at the trial had the default been properly entered.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Joseph H. Kibbey, Judge. Reversed.

The facts are stated in the opinion.

Webster Street, for Appellants.

The vendor of personal property in a suit against a vendee for not taking and paying for the property has the choice ordinarily of either one of three methods of indemnifying himself:—

1. He may store or retain the property for the vendee and sue him for the entire purchase price.

2. He may sell the property, acting as the agent for this purpose of the vendee, and recover the difference between the contract price and the price obtained on the resale.

3. He may keep the property as his own, and recover the difference between the market price at the time and place of delivery, and the contract price. *Dustan* v. *McAndrew,* 44 N. Y. 72; Sedgwick on Damages, pp. 592, 596; 5 Lawson on Remedies, sec. 2629.

The defendants in their counterclaim elected the second

method. Having made their election it was error to allow them to show that the market price at Phœnix at the time of the alleged breach was two cents per pound while the contract price was two and three quarter cents.

For this error the judgment should be reversed.

Baker & Campbell, for Appellees.

SLOAN, J.—Appellants, as partners doing business under the firm name of the Southwestern Dressed Beef Company, brought suit in the district court of Maricopa County against George Marlow and David Hardenburg, constituting the firm of Marlow & Hardenburg, to recover the sum of two thousand dollars, with interest. Appellants in their complaint alleged that said sum had been advanced to said Marlow & Hardenburg under a contract for the purchase of certain beef steers which were to be delivered to said appellants at a future time at an agreed price per pound. They further alleged that said Marlow & Hardenburg wholly failed and refused to deliver said cattle, or any of them, and to carry out the terms of their contract. The appellees, Marlow & Hardenburg, by way of counterclaim, answered that they were ready and willing to deliver said cattle at the time and place agreed upon, but that appellants refused to accept the same as agreed, and failed to pay the contract price therefor, except said sum of two thousand dollars; that, in consequence of appellants' failure and refusal to accept and pay for the cattle, appellees were compelled to and did sell said cattle in open market, realizing, as the highest and best price at the time of sale, the net sum of $4,948.11. They prayed for damages against appellants for said breach of contract in the sum of $6,036.39; said sum being the difference, as alleged, between the contract price and the amount realized from said sale, deducting the expenses of the sale and the keep of the property after the alleged breach and before sale. The case was tried by a jury, and a verdict and judgment entered for appellees upon their counterclaim in the sum of $941.12. Appellants moved for a new trial, which was overruled. From this ruling and from the judgment they appealed.

The principal assignment of error relates to the proper measure of damages for the breach of the contract claimed by

appellees in their counterclaim. The court permitted appellees to prove, over objection, the market value of the cattle at the time and place when the delivery was by the terms of the contract to be had, and instructed the jury subsequently, in effect, that, if they found that the appellees were entitled to recover for a breach of the contract, the measure of damages would then be the difference between the contract price and the market value at time and place of delivery. In actions for breaches of contract the circumstances of each case must determine what measure of damages should apply, having in view always the giving actual compensation for actual loss. For a breach of a valid contract of sale of chattels by the vendee, in failing to accept the property and pay the contract price, the vendor may treat the contract as a complete sale, and, at his option, either retain or store the property as the property of the vendee, or within a reasonable time resell the property in open market. He may also treat the contract as executory, and the sale as not having vested title in the vendee, and retain the property as his own. If the vendor chooses to treat the sale as complete, and hold the property for the vendee, he may recover the full contract price. If he chooses to treat the sale as complete, and resells the property in open market within a reasonable time, the law deems him the agent of the vendee for that purpose, and he may apply the proceeds as a payment *pro tanto,* and recover the difference between the contract price and the amount realized at the sale, provided it be less than the contract price. If, however, the vendor chooses to treat the sale as wholly executory, and retains the goods as his own, he may sue and recover any loss of profit he would have made had the contract been fully executed, and the contract price paid. This would be the difference between the contract price and the market value at the time and place of delivery. *Dustan* v. *McAndrew,* 44 N Y. 72. In this case the appellees allege in their counterclaim that they resold the property to another, in open market, and ask that they be permitted to recover the difference between the contract price and the amount realized from the sale. In addition, the proof shows a resale of the property by the vendors, Marlow & Hardenburg. We are of the opinion, therefore, that the appellees should be held to have elected

this method for indemnifying themselves for the loss occasioned by the breach of contract, and should have been required to show, before recovering, the amount realized from the sale. The measure of damages would then have been the difference between the contract price and the actual amount realized from such sale in excess of the necessary and proper expenses of the sale and the keep of the steers. Counsel for appellees, in their brief, contend that, inasmuch as no answer was filed to their counterclaim, appellants were therefore in default, and could not be heard to complain of the ruling of the court as to the proper damages for the breach of contract set up in said counterclaim. This position is untenable, for, even if an answer be required, under our practice, to a counterclaim, still the appellees took no default in the action, but permitted the appellants, without objection to introduce proof upon the issues raised by said counterclaim. It is now too late to obtain an advantage which might have been taken at the trial, had the default been properly entered. For the reasons stated the judgment will be reversed, and the cause remanded for a new trial.

Gooding, C. J., and Wells, J., concur.