## ROBERT M. TURNER v. RICHARD S. GRIMES.

FILED JANUARY 3, 1906. No. 14,008.

1. **Election of Remedies.** Where a plaintiff sets up a conversion of a team of horses by a bailee, and pleads the execution of a bill of sale by him to the bailee for such team upon the agreement of the bailee to pay a fixed and definite amount therefor, he cannot afterwards, if unsuccessful in this action, in another action claim that the title to the horses never passed from him, and that they

were killed by the negligence of the bailee. He had the right to elect as to whether he would treat the title to the property as having passed and sue in assumpsit upon the promise, or he had the right, upon the theory that the title never passed, to sue for the wrong. He did not have the right to do both.

2. ————. The doctrine of election of remedies applies when a party who actually has at hand two inconsistent remedies, with full knowledge of such fact, proceeds to enforce one of these remedies. *Pekin Plow Co. v. Wilson*, 66 Neb. 115.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*Tibbets & Anderson*, for plaintiff in error.

*Billingsley & Greene*, *W. T. Stevens* and *Love & Frampton*, contra.

LETTON, C.

This action was begun in the county court of Lancaster county and, after a trial and judgment in that court, was appealed to the district court. A judgment was rendered in that court, from which error proceedings are now prosecuted.

The petition alleges, in substance, that on the 15th day of February, 1899, the plaintiff was the owner of a certain team of horses of the value of $200, which was in the possession of the defendant under an oral contract of bailment without hire for the accommodation of the defendant; that the defendant, while in possession of said team, negligently drove the same upon the railroad track of the Union Pacific Railroad Company, and carelessly and negligently permitted the horses to be run over and killed by a passing train; that afterwards, in consideration of a written assignment executed by the plaintiff to the defendant of all right of action against said railroad company, the defendant orally promised to pay the plaintiff the value of the horses, but that he now refuses so to do. To this petition the defendant filed a special plea

in bar, setting forth, in substance, that on the 23d day of September, 1901, the plaintiff commenced an action in the county court of Lancaster county against the defendant; that the action was tried in the county court and judgment rendered in favor of the plaintiff; that it was thereafter appealed to the district court; that the cause was tried to a jury and a verdict returned and judgment rendered in favor of the defendant; that the cause of action in said suit was identical with the cause of action in the present suit; that the parties are the same, and that the judgment was upon the merits, and has never been modified and is now in full force and effect. Attached to this plea were copies of the pleadings and judgment in the former case. A general demurrer was interposed to this plea, which was sustained and exception taken by defendant. An answer was then filed by defendant, in which he pleads: first, a general denial; second, a former adjudication and estoppel; and third, he admits that plaintiff was the owner of the horses; denies that the value was more than $50; admits that the horses were in his possession on the day that they were killed; denies that he was in any way negligent at the time of the killing, and alleges that at all times he had used due care. A motion was then filed by the plaintiff to strike from the answer the plea of former adjudication, which motion was sustained and exception taken. The plaintiff then filed a general denial by way of reply, and the cause was tried upon the issues thus formed. Judgment was rendered for the plaintiff, from which the defendant prosecutes error.

In the first action the petition alleged, in substance, that on the —— day of December, 1898, the plaintiff was the owner of a certain team of horses, reasonably worth $200; that at the solicitation of the defendant the plaintiff allowed him to use the horses in and about defendant's business, entirely for the benefit of the defendant and without charge; that the defendant has wholly failed and refused to return said team to the plaintiff, though often

requested so to do, and has retained the same and converted same to his own use, to the plaintiff's damage in the sum of $200; that on the —— day of February, 1899, the plaintiff requested the defendant to return the team of horses, which defendant refused to do, but agreed in settlement for said team to pay to the plaintiff the sum of $175 in full settlement, and plaintiff executed and delivered to the defendant a bill of sale in writing for said team; that the defendant has failed and refused to pay the amount agreed upon, to wit, $175, though often requested so to do. The answer filed to this petition contained, first, a general denial, and second, an allegation that there was no consideration for any agreement to pay the sum of $175 as set forth in the petition. Upon appeal to the district court, the issues were substantially the same as in the county court.

The petition in the first case alleges the bailment, the conversion of the team, the execution of a bill of sale, and an express agreement to pay the sum of $175. The second alleges the bailment and the negligent killing of the team, and an express agreement to pay the value of the team. Both petitions are, perhaps purposely, unskillfully drawn, and two causes of action seem to be mingled and confusedly set forth in each. In the first case the plaintiff set up the conversion, and sued upon an express contract to pay a fixed sum for the team. His position was that the title to the horses had passed from him to the defendant. This position is entirely inconsistent with the theory that the title to the horses never passed from him; that they were his when they were killed, and that all he ever conveyed to the defendant was an assignment of his right of action against the Union Pacific Railroad. If the first petition is true, the second one must be false. If an election is made to treat the title as transferred, it is entirely inconsistent with the theory that it never passed.

"It is a familiar principle that a person should not be allowed to avail himself of the advantages of inconsistent positions in respect to the same matter; and after one has

voluntarily chosen and carried into effect an appropriate remedy, with knowledge of the facts and of his rights, this will, in general at least, preclude him from subsequently resorting to a different remedy, involving a negation or repudiation of the grounds upon which the former proceeding was based." *Dyckman v. Sevatson,* 39 Minn. 132.

To sustain the present action requires a negation of the facts set forth in the petition in the first action, and, having assumed a certain position in this litigation, and having vexed the defendant with a lawsuit based thereupon, he cannot now be permitted to change his position and harass the defendant with another action based upon another and totally different theory. *State v. Board of County Commissioners,* 60 Neb. 570; 7 Ency. Pl. & Pr. 370; *Moss v. Marks,* 70 Neb. 701; *Thompson v. Howard,* 31 Mich. 309; *Fowler v. Bowery Savings Bank,* 113 N. Y. 450, 10 Am. St. Rep. 479, and note, p. 491.

The plaintiff argues that, in suing for the amount which the defendant expressly agreed to pay, he did not negative the fact that the defendant had negligently killed his horses, and, in suing for damages occasioned by the negligence of defendant, he did not negative the fact that the defendant had expressly promised to pay him a certain amount in payment of the damages so incurred. This argument, however, loses sight of the fact that the execution of a bill of sale for an agreed amount and an action for this agreed sum is entirely inconsistent with the idea that the title to the horses never passed to the defendant. The cases cited by plaintiff lay down the principle that, where the plaintiff was mistaken and undertook to avail himself of a remedy that he was not entitled to, he may afterwards avail himself of the proper remedy. The plaintiff in this case had the right to elect as to whether he would treat the title to the property as having passed, and sue in assumpsit upon the express promise, or he had the right, upon the theory that the title never passed, to sue for the wrong. He did not have the right to do

both. The matter stricken out was proper matter of defense. The rule is clearly stated by Mr. Commissioner OLDHAM, in *Pekin Plow Co. v. Wilson,* 66 Neb. 115, as follows: "The doctrine of election of remedies only applies when a party who actually has at hand two inconsistent remedies and with full knowledge of such fact proceeds to enforce one of these remedies, in which event he is bound by such election. But if in his first action he has adopted a mode of redress incompatible with the facts in his case, and is defeated on that ground, he is still free to proceed anew," and is supported by the authorities therein cited.

The judgment of the district court should be reversed and the cause remanded.

AMES and OLDHAM, C. C., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded.

REVERSED.