E. H. FARIN and Andrew Ritchie, Copartners as Farin & Ritchie,. v. N. B. NELSON.

(155 N. W. 35.)

Action upon implied contract for rental of pasture land. Both parties concede law, as given in instructions, correct.

Rental of pasture land — implied contract — action on — evidence — finding of jury.

1. Evidence examined and found to be sufficient to support finding of jury that plaintiff had usurped said land to the exclusion of others.

Pasturage land — value of use of — owner of land — may testify as to value — circumstances.

2. The owner of the land had been in the vicinity during season and knew the grass conditions, but had not been actually upon the land itself. *Held*, that he was qualified to testify to the value of the use of said tract for pasturage.

Offer of proof — defendant — live stock — distrained by plaintiff — trespassing — remedies — election of.

3. Defendant offered to prove that prior to the institution of the present action plaintiff had distrained some live stock, owned by the defendant, as trespassers. The offer was properly rejected because it did not show an election of remedies.

Grazing — other stock — knowledge of defendant.

4. Evidence that other cattle grazed upon the land is immaterial unless shown that defendant was cognizant of their presence thereon.

Rental value of land — immaterial.

5. The rental value of the tract for fifty-three days is immaterial.

Opinion filed October 21, 1915.

Appeal from the District Court of Stark County; *Crawford,* J. Affirmed.

*T. F. Murtha* and *H. E. Haney,* for appellant.

There being no evidence of damage or rental value of the land in

question, defendant's motion to dismiss, made at the close of plaintiff's case should have been granted. Cole v. Thompson, 134 Iowa, 685, 112 N. W. 178; Harrison v. Adamson, 76 Iowa, 337, 41 N. W. 34, 86 Iowa, 693, 53 N. W. 334; Foster v. Bussey, 132 Iowa, 640, 109 N. W. 1105.

Plaintiff distrained defendant's stock, prior to bringing this action, and held the same for acts complained of in this action. Evidence of this condition was offered by defendant but refused by the court.

The plaintiff's action thus taken was an election of remedies and a bar to this action, and further this action was not begun till more than sixty days after the trespass. Comp. Laws 1913, §§ 8500 and 8508.

Defendant should have been allowed to prove such election of remedies. 39 Cyc. 259.

An action for use and occupation arises upon contract, express or implied. 38 Cyc. 850; 31 Cyc. 851, 852.

The relation of landlord and tenant must exist to sustain an action for use and occupation. 39 Cyc. 853; Pacific States Corp. v. Arnold, 23 Cal. App. 672, 139 Pac. 239; Hurley v. Lamoreaux, 29 Minn. 138, 12 N. W. 447; De Pere Co. v. Reynen, 65 Wis. 271, 22 N. W. 761, 27 N. W. 155; Janouch v. Pence, 3 Neb. (Unof.) 867, 93 N. W. 217.

Such action will not lie against a trespasser. 39 Cyc. 860 (c).

To be a competent witness as to value, one must have knowledge of the thing upon which he places a value. The mere fact, in an action of this kind, that he owns the land, does not qualify him to testify as to value.

The measure of damages was the value of the grass destroyed by *his stock,* and not such as was destroyed by other stock trespassing upon the same land. Cole v. Thompson, 134 Iowa, 685, 112 N. W. 178.

A tenancy cannot be implied where possession is not exclusive. 24 Cyc. 282 (2).

Or, under a claim of lease from a third person. Janouch v. Pence, 3 Neb. (Unof.) 867, 93 N. W. 217; 6 Words and Phrases, 4904, 5464; 39 Cyc. 860 (c).

There is no evidence that the land belonged to plaintiffs. The action must be by the real party in interest. Comp. Laws 1913, § 7395.

*Thomas H. Pugh,* for respondents.

A party who brings from a witness answers as to collateral matters will not be allowed to contradict testimony thus elicited. Becker v. Cain, 8 N. D. 615, 80 N. W. 805.

Defendant's claim that plaintiffs had attempted to treat the occupancy as a trespass is not well founded. It is not alleged that an action was commenced and pursued. Such a remedy as claimed was not open to plaintiffs, no allegation showing it. 15 Cyc. 252, 257.

The doctrine of election applies only where a party who actually has at hand two inconsistent remedies actually proceeds to enforce one of them. Turner v. Grimes, 75 Neb. 412, 106 N. W. 465; Rowell v. Smith, 123 Wis. 510, 102 N. W. 1, 3 Ann. Cas. 773.

The right of action for use and occupation of real estate has long existed. Its principal or essential features are found in our Code. Comp. Laws 1913, § 7166; Furlong v. Cooney, 72 Cal. 322, 14 Pac. 12; Eva v. McMahon, 77 Cal. 467, 19 Pac. 872; Parkinson v. Shaw, 12 S. D. 171, 80 N. W. 189; Baldwin v. Bohl, 23 S. D. 395, 122 N. W. 247; 18 Am. & Eng. Enc. Law, 2d ed. 265.

The owner of land is prima facie entitled to recover in assumpsit for use and occupation by defendant. 18 Am. & Eng. Enc. Law, 2d ed. 266; Heddleston v. Stoner, 128 Iowa, 525, 105 N. W. 56; Butler v. Bertrand, 97 Mich. 59, 56 N. W. 342; Rodman v. Davis, 53 N. C. (8 Jones, L.) 134; Earl v. Tyler, 36 Okla. 179, 128 Pac. 269; Bilby v. Gilliland, 41 Okla. 150, 137 Pac. 690; Story v. McCormick, 70 Kan. 323, 78 Pac. 819; Lazarus v. Phelps, 152 U. S. 81, 38 L. ed. 363, 14 Sup. Ct. Rep. 477; De La Guerra v. Newhall, 55 Cal. 21; Simmonds v. Richards, 74 Kan. 311, 86 Pac. 452; Gillespie v. Hendren, 98 Mo. App. 622, 73 S. W. 361; Note to Monroe v. Cannon, 81 Am. St. Rep. 439; Colonial & U. S. Mortg. Co. v. Lea, 95 Ark. 253, 129 S. W. 84; Kipp v. Davis-Daly Copper Co. 41 Mont. 509, 36 L.R.A. (N.S.) 666, 110 Pac. 240, 21 Ann. Cas. 1372.

BURKE, J.    Plaintiff was the owner of an uncultivated, unfenced section of land in Billings county. Defendant had a quarter section adjoining, and was the owner of over 100 head of cattle and horses. Plaintiff brings this action upon an implied lease of said section of land by the defendant, asking for the value of the use and occupation and rental of the same. It is not contended that any express contract

exists. Defendant in his answer admits that his live stock trespassed over the premises described during the year 1911, but denies that he occupied said premises under a lease, either express or implied. He maintains that at all times mentioned there was a law in the county of Billings preventing live stock to run at large. He further alleges that the sixty-days statute of limitations has run against any damages for which he may be liable in trespass. Trial was first had in justice court, where plaintiff recovered $22 and costs. Appeal was taken to the district court, where the case was tried twice, the first jury disagreeing, the second finding for the plaintiff again in the sum of $22. Defendant has now appealed to this court, assigning one error for each dollar of the verdict. These assignments are grouped in appellant's brief under seven headings, and could have been still further reduced. The trial court in its charge to the jury gave the following instruction to which no exception is taken by either party, and, under well-established rules, is binding so far as this litigation is concerned: "The court instructs you, as a matter of law, that cattle in the county of Billings during the year 1911 had a right to run at large during all seasons of the year, and if you believe from the evidence that they were merely turned out and trespassed upon said land then the plaintiff will not be entitled to recover; but it will be necessary for the plaintiff to establish that the defendant used and occupied these premises to the exclusion of other persons. In other words, if you believe from the evidence that this defendant went into possession and used this land to the exclusion of other persons, then the plaintiff is entitled to recover for the use and occupation of the premises. This you will have to determine by the facts in this case as to whether or not the cattle were turned out and permitted to run at large on the range, which the defendant had a right to permit them to do, or whether he close-herded the cattle upon this section, and went into the use and occupation of it to the exclusion of other persons, and did use it for his own personal use. If you believe from the evidence, and by a fair preponderance of the evidence, that he did go into the use and occupation of the premises to the exclusion of other persons, then it will be necessary for you to determine the reasonable value of said use and occupation by the evidence in this case."

For the purposes of this opinion this law will be presumed to be

correct. The first question arising, then, is whether or not there is any evidence in the case tending to show that the defendant went into possession of the said premises to the exclusion of others and close-herded his cattle thereon; and, second, whether the trial court erred in the reception or the rejection of evidence.

(1) Appellant maintains that there is no evidence whatever support-ing the verdict as rendered under the instruction set forth above. The testimony of the witness Senkbeil is particularly relied upon by the plaintiff. He said:

Q. What instructions, if any, or what did Mr. Nelson say to you, if anything, in regard to where you should herd these cattle?

A. Before I go out there, he took us out in an automobile and showed us the section and his cattle, and showed us the place where we should herd the cattle. After that we make a bargain to pay us $25 a month to watch the cattle, riding that section, and he tell us he has rented it, and say we herd the cattle. I herd the cattle there about fifty-three days altogether.

And again:

Q. Was there no hay cut on that section that year?

A. Yes, sir.

Q. Who cut that hay?

A. Jahnke.

Q. Where was it hauled to?

A. It was hauled to Nelson's barn.

Jahnke testifies to the same effect. The witness, Obregebritch also testifies that Nelson told him that he had the land rented. The latter witness had cattle of his own, and testified that he kept his cattle off of the land excepting when they got upon it by mistake, through some-one's leaving the bars open. While there is much testimony offered by the defendant to the general effect that he did not attempt to drive other persons' cattle off from the land, and that, as a matter of fact, other cattle did range thereon, yet we believe that the testimony of the three witnesses above mentioned is sufficient to carry the case to the jury, and to sustain a finding that the defendant had usurped the land to the exclusion of others. Telling neighbors that he had the same leased might be as effectual in preserving the land for his own use as

fencing the same. The question whether the defendant had, in fact, usurped the land, was a disputed question of fact for the jury, and its decision is controlling.

(2) The next question arises on the admission of testimony. Farin, one of the plaintiffs, was allowed to testify that he and Ritchie owned the land, and that the value of the use of that land for pasturage during the year 1911 was from $15 to $25 a quarter. This testimony was challenged upon the ground that ownership could not be proved in this manner, and that witness had not examined the land during that year, and therefore could have no knowledge as to the value of the hay grown thereon. Under the pleadings in this case, the testimony of the witness that the partnership owned the land was sufficient. An examination of the evidence discloses that the witness was in the vicinity of the land during the year 1911, although not actually upon this tract. While owners cannot testify indiscriminately as to the value of property owned by them, yet in this case the witness was qualified. He had observed the general grass condition in that neighborhood, and it will be presumed that he had sufficient knowledge of his own land to base an opinion as to the value of the rental. There is no merit in the contention that the evidence shows that the land was only used fifty-three days. One of the witnesses testified that he herded the cattle there that long and quit herding them. An examination of the record, however, discloses that he ceased to work for defendant at that time. There is other evidence upon which the jury might find that the land was used during the entire grazing season. Moreover, we can easily imagine a bunch of cattle eating all of the grass off a tract of land in fifty-three days so as to destroy the pasturage for that season.

(3) The defendant offered to prove that, prior to the institution of the present action, plaintiffs had distrained some of the live stock of defendant as trespassers. It is their contention that such action constituted an election of remedies. There are several reasons why this does not apply. In the first place, the offer of proof is indefinite as to time and place. One question asked is: "Before this action was started, did Farin & Ritchie take up any of your stock and claim damages against them for trespass?" Upon objection being sustained to this form of the question, it was repeated as follows: "Did Farin & Ritchie, or did they not, take up some of your stock and notify you

31 N. D.—41.

that they were holding the same for trespass in 1911 ?" This question did not refer to the land in controversy at all, does not show that plaintiffs knew about the trespass before the sixty days' statute of limitations had run against the claim, nor that plaintiffs had taken any legal action. The offer of the defendant to show that "prior to the institution of this case plaintiffs distrained the live stock of the defendant for the same acts complained of in the complaint, and notified defendant that they were holding same for damages on account of the acts complained of in the complaint," was subject to the objection that it was improper cross-examination; it did not show any legal action upon the part of the plaintiffs, and failed to show knowledge upon the part of plaintiff before the expiration of the sixty days' period of limitation. To constitute an election of remedies the party must have had in hand two inconsistent remedies, and actually proceeded to enforce one of them. 15 Cyc. 257; Turner v. Grimes, 75 Neb. 412, 106 N. W. 465; Rowell v. Smith, 123 Wis. 510, 102 N. W. 1, 3 Ann. Cas. 773. Defendant does not claim that they were forced by these distraints to pay out any money, the evidence being offered merely upon the question of election of remedies. There was, therefore, no error in refusing the evidence offered.

(4) Error is next assigned upon the rejection of certain evidence to the effect that other cattle pastured upon this land during the season of 1911. This evidence is immaterial excepting as bearing upon the question of defendant's attempting to monopolize the land. If it were offered for this purpose it should be coupled with knowledge upon the part of the defendant showing that he was aware of their presence and made no effort to exclude them from the pasture. In the absence of this element the testimony was properly rejected.

(5) The 5th assignment of error relates to the exclusion of the question asked of one of defendant's witnesses as to the rental value of the section for fifty-three days. As already pointed out, the evidence does not disclose a fifty-three days' use of the land. One of plaintiff's witnesses merely quit after he had herded cattle fifty-three days. The other errors assigned either did not raise any substantial question, or are answered by the foregoing. The judgment of the trial court is affirmed.

BRUCE, J. (Specially concurring): I concur in the result of the above opinion, but not in all of its reasoning. The action in my mind is not an action on an implied lease, but an action for the value of the use of real estate which has been wrongfully occupied.

As far as the election of remedies is concerned, and the alleged errors in regard to the introduction of evidence in relation thereto, I concur in the opinion merely on the ground that there is no proof or offer of proof that any legal proceedings were actually had, and that "although acts prior to the actual commencement of legal proceedings indicate an intention to rely upon one remedial right, yet they do not constitute an election which will preclude the subsequent prosecution of an action or suit based upon an inconsistent remedial right, unless the acts contain the elements of an estoppel *in pais*." 15 Cyc. 260.