## HARRISON ENGINEERING & CONSTRUCTION CORPORATION et al. v. VINCENNES BRIDGE CO.

Circuit Court of Appeals, Seventh Circuit.
November 28, 1927.

No. 3900.

Appeal and error ⬦850(2)—Where cause is submitted to court by oral stipulation, appellate court cannot review findings of fact (28 USCA § 875).

Where jury is waived by oral stipulation, and the cause submitted to the court "for trial, finding, and judgment," the appellate court is without authority to review the findings of fact or refusal of request for findings, in view of 28 USCA § 875 (Comp. St. § 1668).

In Error to the District Court of the United States for the District of Indiana.

Action at law by the Vincennes Bridge Company against the Harrison Engineering & Construction Corporation and the National Surety Company. Judgment for plaintiff, and defendants bring error. Affirmed.

Frederick Van Nuys and Julian C. Ralston, both of Indianapolis, Ind., for plaintiffs in error.

Seymour Riddle, of Vincennes, Ind., for defendant in error.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The defendant in error brought its action in the court below against plaintiffs in error to recover a balance alleged to be due upon a contract. The cause was put at issue, and when it came on for trial the parties orally agreed to waive jury trial and to submit the cause "to the court for trial, finding and judgment without the intervention of a jury." At the same time plaintiffs in error requested the court to find the facts specially and to state its conclusions of law thereon. Thereafter the court made and stated special findings of facts and its conclusions of law. At this time plaintiffs in error asked the court to find additional facts to the number of seven. The court denied this request, and plaintiffs in error excepted to this denial and assign this action of the court as error. They do not question the correctness of the court's conclusions of law upon the facts found, but state in their brief: "It is not contended that the facts as found by the court are not sufficient to support its conclusions of law."

The trial of issues of fact in actions at law in the federal courts must be by jury, unless the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. When a jury is thus waived, the statute (28 USCA § 875 [Comp. St. § 1668]) provides that "the rulings of the court in the progress of the trial of the cause * * * may be reviewed * * * and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." That is, even where the statute is complied with and the jury waived by written stipulation, a review upon writ of error is limited to

the rulings of the court in the progress of the trial, and, where the finding is special, may extend to the determination of the sufficiency of the facts to support the judgment. No review of the facts is then warranted.

Where the jury is waived by oral stipulation, as in this case, and the cause is submitted to the court "for trial, finding and judgment without the intervention of a jury," in deciding questions of fact the judge "does not exercise judicial authority in deciding, but acts rather in the character of an arbitrator." Campbell v. Boyreau, 21 How. 223, 226 (16 L. Ed. 96). In such case it is well settled that we are without authority to review the findings of fact. By refusing to find facts as requested, the court found the facts to be otherwise than as requested, and to ask a review of the refusal is to ask a review of the facts.

Judgment affirmed.