## SLOSS–SHEFFIELD STEEL & IRON CO. v. STOVER MFG. & ENGINE CO.

Circuit Court of Appeals, Seventh Circuit.
December 13, 1929.

Rehearing Denied January 20, 1930.

No. 4117.

Douglas Pattison, of Freeport, Ill., for appellant.

Carroll J. Lord, of Chicago, Ill., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and WOODWARD, District Judge.

WOODWARD, District Judge. This is an action brought by appellant against appellee to recover damages for refusal to accept 656 tons of "Sloss Pig Iron" and 201 tons of "No-Ala Pig Iron" at the contract price.

After issue joined, a jury was waived in writing, and the cause was tried to the court. After hearing all the evidence the court made special findings of fact, finding the issue for the defendant, to which a general exception was interposed by appellant. Judgment on the findings was entered in favor of appellee.

This being the state of the record, review, on appeal, is limited to the sufficiency of the facts specially found to support the judgment, and to the rulings excepted to and presented by the bill of exceptions. 28 USCA §§ 773, 875; Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262; Ingram-Day Lumber Co. v. McLouth, 275 U. S. 471, 48 S. Ct. 153, 72 L. Ed. 378; Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; United States v. United States Fidelity Co., 236 U. S. 512, 35 S. Ct. 298, 59 L. Ed. 696; Harrison Engineering & Construction Corporation v. Vincennes Bridge Co. (C. C. A.) 22 F. (2d) 802; Streeter v. Sanitary District of Chicago (C. C. A.) 133 F. 124.

The question then is: Do the findings of fact support the judgment?

The material portions of the findings of fact may be summarized as follows:

On August 16, 1918, appellee gave appellant two orders for pig iron, both of which were accepted on September 6, 1918. One order was for 1,000 tons of "Sloss Pig Iron" at a price of $34.50 per ton f. o. b. cars at Birmingham, Ala., and the other was for 500 tons of "No-Ala Pig Iron" at a price of $33 per ton f. o. b. Florence or Sheffield, Ala., in approximately equal monthly quantities during the first half of the year 1919.

At the time the contracts were entered into, the United States was at war with Germany. The price agreed upon for the respective brands of pig iron was not in excess of the price fixed by the regulations of the government of the United States. Under this

contract and during January and February, 1919, 344 tons of "Sloss Pig Iron" and 209 tons of "No-Ala Pig Iron" were delivered and paid for.

Early in 1919 a committee consisting of representatives of the American Iron & Steel Institute and the Department of Commerce of the United States, in attempting to stabilize postwar conditions, recommended to those engaged in buying and selling pig iron that contracts calling for delivery of pig iron in 1919 be reduced $6 per ton, which recommendation was purely advisory. After the promulgation of these recommendations, appellee asked appellant to reduce the price of the respective brands of pig iron $6 per ton. Appellant refused to make the reduction and insisted that deliveries be made at the contract price. Appellee refused to accept any further deliveries under the contract unless the respective contract prices were reduced $6 pr ton. At that time the market was considerably below the contract price.

During the months of March, April, May, and June, 1919, appellant manufactured for defendant 656 tons of "Sloss Pig Iron" and 291 tons of "No-Ala Pig Iron" and stored the respective amounts in its yards at Birmingham and Sheffield, respectively, of which fact it notified appellee. Each brand of pig iron thus stored in the respective yards was placed in separate piles, apart from all other pig iron, was identified by particular paint markings, and a record was made upon the books of appellant that these particular piles of pig iron were the property of appellee and were being held by appellant for appellee. The pig iron so stored was afterwards, and when prices had materially advanced, sold by appellant for the account of appellee at prices in excess of the contract price of the respective brands.

The trial court, therefore, found that appellant had not sustained any damage by appellee's refusal to accept the pig iron at the contract prices.

Upon the refusal of appellee to accept the pig iron, appellant had three remedies. In the case of Osgood v. Skinner, 211 Ill. 229, 71 N. E. 869, 873, referring to the case of Ames v. Moir, 130 Ill. 582, 22 N. E. 535, these remedies are stated to be: "First, to store the goods for the vendee, give notice that he has done so, and recover the full contract price; second, to keep the goods, and recover the excess of the contract price over and above the market price of the goods at the time and place of delivery; and third, to sell the goods at a fair price, and recover from the vendee the loss if the goods fail to bring the contract price."

Appellee elected to resell the goods for the account of appellee. Having made the election, appellant is bound by it and cannot now pursue an inconsistent remedy. Southern States Co. v. Long, 15 Ala. App. 286, 73 So. 148; Peck v. Southwestern Lumber Co., 131 La. 177, 59 So. 113; Fox v. Wilkinson, 133 Wis. 337, 113 N. W. 669, 14 L. R. A. (N. S.) 1107; Ireland v. Waymire, 107 Kan. 384, 191 P. 304; 20 C. J. 19; Turner v. Grimes, 75 Neb. 412, 106 N. W. 465.

The pig iron was sold upon the market at a price in excess of the contract price. Appellant is bound by the result. Its recovery is limited to the difference between the contract price and the amount received upon the resale. Hughes v. Eastern Railway & Lumber Co., 93 Wash. 558, 161 P. 343; Southern States Co. v. Long, 15 Ala. App. 286, 73 So. 148; Slaughter v. Marlow, 3 Ariz. 429, 31 P. 547; Saladin v. Mitchell, 45 Ill. 79; Herd v. Thompson, 149 Pa. 434, 24 A. 282. Having so elected, it cannot now recover the excess of the contract price over the market price at the time of the alleged breach by appellee, and, having thereafter received more on the resale of the pig iron than the contract price, there is no loss or damage to compensate.

We find no error in the admission or exclusion of evidence which was harmful to appellant.

The judgment is affirmed.