## NORTHERN PAC. RY. CO. v. STANDARD COAL CO.

Circuit Court of Appeals, Eighth Circuit.
December 5, 1927.

No. 7689.

Appeal and error ⊜⟶850(1)—In case tried to court, appellate court cannot re-examine any question of fact entering into general judgment (28 USCA §§ 773, 875).

On review of judgment in a case tried to the court by stipulation, pursuant to Rev. St. §§ 649, 700 (28 USCA §§ 773, 875; Comp. St. §§ 1587, 1668), where there were no requests for or findings of facts or declarations of law, the appellate court cannot re-examine any question of fact entering into the general judgment.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action at law by the Northern Pacific Railway Company against the Standard Coal Company. Judgment for defendant, and plaintiff brings error. Affirmed.

D. R. Frost, of St. Paul, Minn. (B. W. Scandrett, of St. Paul, Minn., and Bagley, Judd & Ray, of Salt Lake City, Utah, on the brief), for plaintiff in error.

M. E. Wilson, of Salt Lake City, Utah (A. R. Barnes, of Salt Lake City, Utah, on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

SCOTT, District Judge. Plaintiff in error, the Northern Pacific Railway Company, brought this action against the Standard Coal Company, defendant in error, to recover a difference in freight on ten carloads of coal from Standardville, Utah, to Irvin, Wash. Briefly stated, the facts alleged were that the defendant in error over a period from May 4 to May 9, 1921, shipped ten cars of coal to the International Portland Cement Company, by mistake billing them to Irwin, Wash., intending, however, to bill to Irvin, Wash. Standardville maintains no station, and billing of cars was effected at Helper, one station beyond, on the Denver & Rio Grande Railway. Shipments to Irvin, Wash., would in due course move Denver & Rio Grande north to Ogden, via Oregon Short Line beyond to Huntington, via Oregon & Washington Railroad & Navigation Company beyond to Spokane, and via Northern Pacific to Irvin. In due course shipments would move from Standardville to Irwin, Wash., Denver & Rio Grande Railway, Standardville to Ogden, via Oregon Short Line beyond to Huntington, via Oregon & Washington Railroad & Navigation Company through Wallula Junction to Yakima, and Yakima to Irwin via Yakima Valley & Texas, a short electric line. The Northern Pacific Railway Company has a line physically connected with the Oregon & Washington Railroad & Navigation Company's line at Yakima, running direct to Irvin through Spokane. Cars billed from Standardville either to Irwin or Irvin would pass through Wallula Junction.

Before the mistake in the billing was discovered, nine of the ten cars had moved to Yakima; the tenth car had reached Wallula Junction. Notice was then given to the Denver & Rio Grande Railway Company and an order to divert the nine cars to Irvin. Apparently the Denver & Rio Grande Railway Company ordered the nine cars back-hauled to Yakima, through Wallula Junction, and on over the Oregon & Washington Railroad & Navigation Company's line to Spokane, and Northern Pacific beyond to Irvin. On arriving at destination the Northern Pacific Company collected the freight, and in so doing collected the usual rate, Standardville to Irvin, ignoring the back-haul to Yakima to Wallula Junction. The agreed facts show the legal rate, Standardville to Irvin, Wash., per ton on a car of coal, is $5.62½; Standardville to Yakima, $5.75; Yakima to Irvin, $7.60; there was a rate then in force, via the Northern Pacific, Yakima to Irvin, of $3.50 per ton.

The cause of action alleged is based upon the rate from Standardville to Yakima and from Yakima to Irvin. The evidence shows that the market value of the coal laid down at Irvin, Wash., was $7.47½ per ton. It will therefore be observed that diverting the shipments on a back-haul to Wallula Junction and thence to Irvin resulted in an entire absorp-

tion of the value of the coal, whereas it could have been sent forward over the Northern Pacific on the $3.50 rate. The District Court held that the diverting line was not justified in selecting the route via Wallula Junction and entered a judgment of dismissal.

We are asked to review the case upon the following assignments: (1) The court erred in sustaining the defendant's motion to dismiss. (2) The court erred in entering judgment of dismissal of plaintiff's complaint. (3) The said judgment is against the law. (4) The said judgment is against the evidence.

Were we at liberty to dispose of the case on its merits, it would be difficult to see wherein the trial court committed any error in the ruling and decision complained of. However, we are met with an obstacle which prevents our passing upon the assignment presented. The case was tried to the court; a jury having been waived by stipulation in writing, duly filed. Much of the record in the case was made up by stipulated evidential facts, and the balance by the testimony of witnesses. At the close of the plaintiff's evidence, and after the plaintiff had rested, defendant's counsel announced that he had certain motions to present, and thereupon he presented six motions: (1) A motion to dismiss for want of jurisdiction in the court, for that, inasmuch as the coal could have been shipped from Yakima to Irvin at $3.50 per ton, that charge should have been adopted, and therefore the cause of action rose out of intrastate shipment. (2) A motion to strike all of the evidence introduced to show authority of one Powers to give directions, instructions, etc. (3) A motion to strike out all the testimony of the witness Good. (4) A motion to strike out all of the testimony of witness Taylor. (5) A motion that the court make a certain declaration of law, not material to state here. (6) That the court make a certain declaration of law, not material to be stated.

These motions were argued, and at the conclusion of the argument the court made an extended statement, concluding with the announcement that "I am therefore constrained to grant the motion of the defendant at this time to dismiss the action." Plaintiff in error then requested an exception, and counsel for the defendant in error made a request, and thereafter on the same day a general judgment of dismissal was entered.

Plaintiff in error made no requests for findings of fact or declarations of law, and none were made by the court. The finding and judgment of the court was general. Under the rule that has long been well settled by the decisions construing sections 649 and 700 of the Revised Statutes of the United States, being United States Code Annotated, title 28, § 773, and United States Code Annotated, title 28, § 875 (Comp. St. §§ 1587, 1668), we cannot re-examine any question of fact entered into a general finding and judgment of the trial court, where a jury is waived.

It is urged that this case falls within an exception apparently recognized by this court. Myer & Chapman State Bank v. First National Bank of Cody, 248 F. 679. In that case it was said: I "The case was suddenly terminated on the court's own motion, without any reason, so far as the record shows, for either party to anticipate such a termination, and without any opportunity to counsel to present requests, and judgment was immediately entered upon the same day," etc. In the present case both counsel and presiding judge were exceedingly deliberate in making up the record, and the record indicates that the trial judge was markedly solicitous in his endeavors to have the record made up satisfactorily to counsel. There would be no ground whatever for the conclusion that counsel for plaintiff in error had been deprived of opportunity to make any requests which he desired. In these circumstances, the record in this case discloses nothing which this court can review.

The cause is therefore affirmed.