## MEYERS v. ALLEN, Internal Revenue Collector.

Circuit Court of Appeals, Eighth Circuit.
September 11, 1929.

No. 8432.

John A. McKenzie, of Omaha, Neb., for appellant.

Ralph E. Smith, Sp. Atty., Bureau of Internal Revenue, of Washington D. C. (James C. Kinsler, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Elden McFarland, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before BOOTH, Circuit Judge, and SANBORN and DEWEY, District Judges.

DEWEY, District Judge. This action was instituted against the collector of internal revenue to recover $11,833.99 alleged to have been unlawfully collected from appellant and paid by him under protest, as additional income tax by reason of certain earnings of the firm of Meyers & Bachelor for the year 1919.

In the years 1917 and 1918 the appellant, plaintiff below, was in the business of feeding and raising cattle with one John H. Bachelor under the firm name of Meyers & Bachelor Company. The cattle were fed and raised on leased ground in the Rosebud Reservation; Mr. Bachelor having active charge of the supervision of the raising of the cattle, and Mr. Meyers looking after the marketing and financing of the company at Omaha, where he resided with his wife and daughter.

Most of the property of the partnership was sold in 1918. In December, 1918, he alleges that he gave to his wife and daughter all his right, title, and interest in and to this partnership. In December, 1919, all the property of the partnership was sold, making a profit of about $70,000 for the partnership during the year 1919.

The wife and daughter filed income tax returns on or before the 15th day of March, 1920, reporting and returning one-half of the partnership profits for 1919 as belonging to them. They paid the collector of internal revenue the tax on this profit, which was afterwards returned to them. The collector of internal revenue denied that Mr. Meyers gave one-half of the partnership to his wife and daughter, and the issues were tried to the court; the parties in writing having waived the intervention of a jury and consented that the same might be tried and decided by the trial court.

Trial was had on July 19, 1928, and at the close of the evidence, both parties having rested, the court rendered a decision, stating that he was satisfied that the evidence clearly showed that it was the intention of the parties that, if Mr. Meyers and Mr. Bachelor, with their capital and their energy and their understanding of the business, should make a profit in it during the year 1919, they would turn that profit over to Mrs. Meyers

and to Mrs. Meyers' daughter, Mrs. Caldwell. And formal judgment was entered finding that the plaintiff had no cause of action and dismissing plaintiff's petition with judgment against the plaintiff for costs.

The witnesses are rather vague and uncertain as to just what the intentions of the parties were in making and accepting the gift. The evidence does not disclose any delivery of the property either by bill of sale or transfer of possession; the only evidence on this being that Mr. Meyers took them out to the Rosebud Reservation and pointed out the cattle to them. It was unusual and improbable under the circumstances that the intention of the parties was to transfer a half interest in the partnership, and there was evidence upon which the court could and did find that the gift was the profits of the company, if and when made.

However, there is nothing before this court for review; the only assignment of error being as to the sufficiency of the finding of facts by the judge, it being conceded that, if his findings were correct, his conclusions of law were applicable.

On the trial, no exceptions were taken to any ruling of the court except the final findings and judgment, and no request was made for a special finding, or for a finding in favor of the plaintiff in the action. There was a general finding for the defendant below. ■ The memorandum decision of the trial judge, with its conclusions as to the findings of fact, is not a special finding which authorizes this court to determine whether the facts found support the judgment. China Press, Inc., v. Webb (C. C. A.) 7 F.(2d) 581; Java Cocoanut Oil Co. v. Bank (C. C. A.) 300 F. 305.

Appellant claims that opportunity was not offered him to make a motion for special findings, as the judge rendered his decision immediately after the evidence closed. He cites the case of Meyer & Chapman State Bank v. First Nat'l Bank of Cody (C. C. A.) 248 F. 679, as authority. ■ In that case the court rendered its decision on its own motion before the termination of the case. In the present case both parties had rested. If appellant so desired, he could have made a motion for a special finding of facts at any time during the trial. He is not permitted to wait until after the rulings of the court, and, if then found to be against him, to demand special findings.

The opinion in Northern Pac. Ry. Co. v. Standard Coal Co. (C. C. A.) 23 F.(2d) 656, 657, disposes of appellant's contention that he is entitled to a review because the

promptness of the court's decision took him by surprise.

■ In a law case tried by the District Court without a jury, where there are no special findings of fact and no exceptions to rulings of law taken during the trial and preserved by bill of exceptions, questions relating to matters of fact or conclusions of law embodied in the general finding are not reviewable. Fleischmann Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Lewellyn v. Electric Reduction Co., 275 U. S. 243, 248, 48 S. Ct. 63, 72 L. Ed. 262; Northern Pac. Ry. Co. v. Standard Coal Co. (C. C. A.) 23 F.(2d) 656, 657.

Under these circumstances the record in this case discloses nothing which this court can review.

The case is therefore affirmed.