**ARTHUR C. HARVEY CO. v. MALLEY et al.*** 
**No. 2667.**

Circuit Court of Appeals, First Circuit.
June 27, 1932.

lant seeks to recover of the defendants, jointly and severally, the amount of the alleged overpayment under a count of indebitatus assumpsit; it also seeks to recover of John F. Malley, a former collector of internal revenue, in a second count for money had and received, the amount of the alleged overpayment; and, in a third count for money had and received, to recover of Malcolm E. Nichols, the successor of Malley as collector of internal revenue, the amount of the alleged overpayment. Malley was a collector in 1919 when the alleged overpayment occurred, and Nichols, as Malley's successor, under the direction of the Commissioner of Internal Revenue, in 1923 credited the alleged overpayment to deficiencies of prior years.

A motion was filed by each defendant to compel the plaintiff to elect on which count it would proceed, on the ground there was misjoinder of actions and also a misjoinder of parties. The motion was denied and hearing ordered on the merits.

There was a waiver of a jury trial, and the case was heard by the judge without a jury. A request for findings of fact and rulings of law was made by the plaintiff, but no special findings were made nor were the requested rulings of law either made or refused, nor were any exceptions to a refusal to rule as requested taken "in the course of the trial." So far as any rulings of law were made "in the course of the trial," with one exception, they were in favor of the plaintiff, and, though an exception was allowed in this instance, it is not relied upon in the assignments of error.

O. Walker Taylor, of Boston, Mass., for appellant.

Henry C. Clark, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to the U. S. Atty., both of Boston, Mass., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Herbert S. Fessenden, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a judgment of the District Court of Massachusetts in an action at law to recover an alleged overpayment of income taxes for the year 1918. In the first count of its declaration, the plaintiff-appel-

The plaintiff assigns as error a refusal to direct that a judgment be entered for the plaintiff; but we do not find in the record any express motion to that effect. The sixth requested ruling that the credit of $74,648.39 (being the amount of an overpayment of the 1918 taxes as determined by the Commissioner in May, 1923), to alleged underpayments for the years 1915, 1916, and 1917 constituted an overpayment for those years under sections 607 and 609 of the Revenue Act of 1928 (26 USCA §§ 2607, 2609), and should be refunded to the plaintiff, does not constitute a motion to direct a judgment; since whether a judgment should have been directed for the plaintiff depended upon other considerations than whether the application of an overpayment of the 1918 taxes to 1915, 1916, and 1917 deficiencies was void and constituted an overpayment for those years under sections 607 and 609 of the Revenue Act of 1928.

It is doubtful, therefore, whether, under sections 649 and 700, R. S. (28 USCA §§ 773, 875), any question of law is raised on the record for the consideration of this court by the appellant's assignments of error. The findings of fact are general, and no rulings of the court were excepted to "during the course of the trial," which are relied on. Exceptions, following an order of judgment, to alleged rulings in a written opinion of the judge assigning reasons for ordering a judgment for either party, are not rulings in the course of the trial. Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 287, 70 L. Ed. 624; United States v. Smith (C. C. A.) 39 F.(2d) 851; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 S. Ct. 55, 46 L. Ed. 113.

As the court said in Fleischmann Const. Co. v. United States: "It is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. * * * To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. * * * That is, as was said in Humphreys v. Third National Bank, supra [75 F. 852], 855 (21 C. C. A. 542), 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way and in this way only, is it possible for him to review completely the action of the court below upon the merits.' "

Each of the assignments of error in this case relates either to matters of fact or to conclusions of law embodied in the opinion. These are not open to review, as there were no special findings of fact and no exceptions to rulings on matters of law were taken during the course of the trial and duly preserved by a bill of exceptions, and no questions of law favorable to the plaintiff are raised on the pleadings.

But assuming that the requested ruling above referred to was in effect a motion to direct a judgment for the plaintiff, and could be considered as denied, and an exception duly taken; or that the ultimate facts upon which the rights of the parties depend were agreed to, and an exception would lie to the order of judgment for the defendant, we still think the judgment of the District Court must be affirmed.

The facts are that, prior to 1918, the plaintiff company had closed its books for its fiscal year on June 30th, but filed its returns, as then required by law, for the years 1915, 1916, and 1917 on the basis of the calendar year. To conform to the Revenue Act of 1918, the plaintiff in March, 1919, made a return for the first six months of 1918, on which return its tax for the six months was assessed as $302,438.83, in accordance with the provisions of section 226 of the 1918 act, 40 Stat. 1075. The Commissioner abated this tax to the amount of $75,461.39, and the appellant voluntarily paid to the defendant Malley as collector in 1919 the balance of $226,-977.44.

Later, in September, 1919, the appellant filed an amended return, showing income for the full fiscal year from June 30, 1917, to June 30, 1918; and took, as the tax due for the six months from December 31 to July 1, 1918, the same proportionate part of the tax for the entire fiscal year, computed at the 1918 rates, as the portion of the fiscal year falling in 1918 was of the entire fiscal year in accordance with the provisions of section 205 of the 1918 act, 40 Stat. 1061, which resulted, according to its return, in a tax of $234,088.50.

In October, 1920, it filed a second amended return showing the tax for the six months from December 31, 1917, to July 1, 1918, to be only $127,651.08, and claimed that the tax assessed on its original return in March, 1919, was excessive to the amount of $174,-787.75. No details of the original assessment, which was evidently computed in accordance with the provisions of section 226 of the 1918 act, are furnished.

On April 9, 1923, the plaintiff, as a result of an examination of its books by an internal revenue agent, filed a claim for refund based on the internal revenue agent's report of an alleged overpayment for 1918 of $156,390.-41. In this claim, however, the taxpayer recognized that there were deficiencies for the years 1915, 1916, and 1917, and assented to the application of the overpayment to deficiencies for those years, amount-

ing to $48,563.39, leaving a balance of $107,-826.61, which it claimed should be refunded. On May 7, 1923, the Commissioner, adopting the view that in changing from a calendar year to a fiscal year-the tax for any fractional part of a year should be computed in accordance with the provisions of section 205 of the 1918 act, determined that the correct tax for 1918, less the abatement already allowed, and based on the examination of the appellant's books by the revenue agent, was $146,098, and that there had been an overpayment of the taxes due from the appellant for the six months in question of $80,879.44.

In November, 1923, the Commissioner issued his certificate of overassessment for the year 1918, showing the overpayment of $80,-879.44. Certificates of overassessment issued by a Commissioner contain printed instructions to the collector to pay any balance to the taxpayer, after crediting such portion of the overpayment that may be required to make good any deficiencies for previous years shown on the books of the collector.

This direction of the Commissioner was carried out by the defendant Nichols, and $2,-467.06 was refunded to the appellant in cash; $3,763.99, it is agreed, was properly credited to certain underassessments for the fiscal year ending June 30, 1920; and $74,648.39 was credited to alleged deficiencies for 1915, 1916, and 1917 in the following amounts: $348.74 for 1915; $4,751.03 for 1916, and $69,548.-62 for 1917. But the collection on May 23, 1923, of any additional taxes for the years 1915, 1916, and 1917 was barred by the limitation in section 250 (d) of the Revenue Act of 1921 (42 Stat. 264); and sections 607 and 609 of the Revenue Act of 1928 declared void any application of credits made after the limitation for collection of taxes.

The appellant's declaration sets forth as a basis of its right of recovery that the Commissioner in May, 1923, allowed a refund of $74,648.39 as an overpayment of the 1918 taxes; that it was erroneously credited by the defendant Nichols to the deficiencies in the 1915, 1916, and 1917 taxes; that on April 9, 1923, the plaintiff filed a claim for a refund of $107,826.61, and on July 27, 1929, it filed another claim for a refund of the sum of $74,648.39, which the Commissioner had determined in May, 1923, in accordance with the provisions of section 205 of the 1918 act, was the amount of the overpayment of the 1918 taxes; that the claim filed in July, 1929, was denied, and, as the appellant contends, in accordance with the provisions of section

3226, R. S. (26 USCA § 156), this action was brought within two years after the denial of its claim for a refund.

To avoid the objection that its suit, begun in 1930, was not brought within five years of the alleged overpayment, which was in 1919, the appellant asserts that the claim filed in 1929 was only a reassertion of its claim filed in 1923; and, having filed a claim for a refund within four years of the payment of the tax, and since the claim filed in July, 1929, being a reassertion of its claim filed in 1923, was disallowed, and this action was brought within two years of the disallowance, the provisions of section 3226, R. S., were complied with.

■ But the claim filed in April, 1923, was allowed by the Commissioner, though for a different amount. The only ground of action the appellant had after the allowance of its claim in May, 1923, must have been either on the certificate of overassessment issued on the latter date by the Commissioner, or against the defendant Nichols personally for an erroneous application of the alleged overpayment to taxes already barred; but on the record, as will later appear, there was no overpayment of the 1918 tax, and the appellant was therefore not harmed by the act of the defendant Nichols. In respect to Malley's liability under the first count, it is also difficult to see how his act in accepting the payment of the taxes found due by the Commissioner based on the taxpayer's own return, could expose him to any action by the taxpayer, except for money had and received in case a refund was duly claimed and denied. But a claim for a refund barred by the statute cannot be revived by filing a new claim and basing an action on its denial.

If the appellant had declared as on an account stated, or a promise to pay by reason of the certificate of overassessment issued by the collector in May, 1923, as in Bonwit Teller & Co. v. United States, 283 U. S. 258, 265, 51 S. Ct. 395, 75 L. Ed. 1018, we think its action would have to be brought against the United States, as neither of the defendants had anything to do with issuing of the certificate of overassessment or were privy to any promise therein contained, either express or implied, to refund the overpayment.

■ The acts performed by Malley or Nichols as collectors were ministerial, United States v. Swift & Co., 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464, and were done in the discharge of their several duties as a collector, Heffer-

nan v. Alexander (D. C.) 48 F.(2d) 855; Penn Smokeless Coal Co. v. Lewellyn (D. C.) 26 F.(2d) 743; Semple & Co. v. Lewellyn (D. C.) 1 F.(2d) 745, 748, 749. The application of credits to deficiencies of other years by a collector, as shown by his books, is of no effect until approved by the Commissioner. United States v. Swift & Co., supra.

Whether or not the claim filed by the appellant in April, 1923, for a refund based on an examination of its books by an internal revenue agent, together with the claim filed on July 29, 1929, was a sufficient compliance with section 3226, R. S., on which to base an action against a collector for money had and received, or whether the application by the defendant Nichols of the alleged overpayment of the 1918 taxes to an assessment already barred must be regarded as an erroneous collection, Graham & Foster v. Goodcell, 282 U. S. 409, 424, 51 S. Ct. 186, 75 L. Ed. 415, is really not important in this case; since, to recover in such form of action, the taxpayer must prove that the government has money in its possession justly belonging to the taxpayer.

"Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded." Lewis v. Reynolds, 284 U. S. 281, 283, 52 S. Ct. 145, 146, 76 L. Ed. 293.

The record shows that, when the second claim for refund was filed in July, 1929, the Commissioner, apparently under advice of counsel, made a redetermination of the 1918 tax for the six months from December 31, 1917, to July 1, 1918, which he had a right to do, though he could not collect any additional tax, Lewis v. Reynolds, supra, and found that the previous assessment in May, 1923, which showed an overpayment of $74,648.39 was erroneous, the former computation having been based on section 205 of the 1918 act.

The appellant's tax in question was for a period entirely within the year 1918; and, under section 226 of the 1918 act, 40 Stat. 1075, where a change is made from a calendar year to a fiscal year, and a portion of the first tax assessed under the 1918 act was for a fractional part of the year 1918, the tax for the period shall be computed in the manner provided and at the rate for the calendar year in which the period falls. Appeal of Henry D. Weed, 2 B. T. A. 84.

Determined under section 226, the tax assessed in 1919 on the taxpayer's original return of March, 1919, to the amount of $302,524.65, less the abatement of $75,461.39, so far as anything appears in the record, was correct, and there was, therefore, no overpayment. At least the record does not disclose any error. The burden in such cases, in an action against a collector for money had and received, is on the plaintiff to show that the Government has money justly belonging to the plaintiff. This burden the appellant has not sustained in this case.

The statement of the Deputy Commissioner in his letter to the appellant in December, 1929, denying its claim filed in July, 1929, that such portion of the overassessment which has not been refunded, having been credited against tax liabilities for prior years, will not be refunded, we interpret to be merely a categorical denial of the refund claim according to its terms, and that the reason assigned for the rejection of the claim was that the alleged overassessment in May, 1923, was erroneously allowed in its entirety. In other words, there was no overassessment, and therefore the refunding of that part of the alleged overassessment which was on the books of the collector applied to prior tax liabilities was denied, because no such overassessment and overpayment occurred.

The judgment of the District Court is affirmed.