ALEXANDER PICKERING & CO., Limited, v. CHINESE AMERICAN COLD STORAGE ASS'N., Inc.

No. 7142.

Circuit Court of Appeals, Ninth Circuit.

June 15, 1934.

Fleming, Franklin & Allman and Teesdale, Newman & Co., all of Shanghai, China, and Pillsbury, Madison & Sutro, Alfred Sutro, and Eugene M. Prince, all of San Francisco, Cal., for appellant.

George Sellett, of Shanghai, China, and Allen L. Chickering, Frederick M. Fisk, and Chickering & Gregory, all of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

The appellant, a British corporation, brought suit to recover damages from the appellee, an American corporation, for breach of a purported written contract. A copy of the contract was attached to the complaint, and was admitted by the pleadings to be a true copy.

The court below rendered judgment for the appellee on the sole ground that the "contract * * * was void and unenforceable from its inception."

The case was tried to the court, sitting without a jury. The bill of exceptions does not contain an exception to the ruling that the purported contract was void for uncertainty. The trial court wrote a "Decision and Judgment," which was entered as the judgment in the case. It specifically set forth the court's "conclusion of law" that the purported contract was void and unenforceable. The "decision and judgment" set forth a statement of the facts, interspersed informally with a discussion of the law. The court stated that its decision "required specific findings of fact"; but no statement of facts by the court, other than the informal and incidental references appearing in the decision and judgment, is to be found in the record.

Incorporated in the "Decision and Judgment" of the court below is the following: "My conclusion of law is that the contract 'Exhibit A' was void and unenforceable from its inception and that the plaintiff is not entitled to recover damages for its having been breached by the defendant."

Immediately following this "conclusion of law" is the closing paragraph of the "Decision and Judgment": "It is the order and judgment of the Court that the above entitled action be dismissed and that the defendant have and recover judgment against the plaintiff for its costs herein."

The order allowing the appeal and fixing the bond was filed on March 9, 1933. The bill of exceptions, setting forth considerable testimony for both sides, as well as a dozen exhibits, was settled, allowed, and filed on March 28, 1933. The transcript of record was filed in this court on May 22, 1933.

The testimony on behalf of the appellant was entirely by deposition, while that for the appellee was oral.

On July 11, 1933, one of the counsel for the appellant made an affidavit in support of a motion to be presented to this court by the appellant for an order remitting the cause to the court below and authorizing that court to reopen the cause "and entertain further proceedings therein as it may be advised, and particularly authorizing the said court to make special findings of fact and conclusions of law in" the cause.

In the supporting affidavit above referred to, counsel for the appellant expressed the following opinion: "* * * It was questionable where under the prior decisions of this Honorable Court such Decision and Judgment is sufficient to constitute special findings of fact under section 700 Revised Statutes (U. S. C. 28 § 875 [28 USCA § 875]), and, therefore, that it was questionable whether the above mentioned ruling of law which is the basis of the decision appealed from herein would be reviewed by this court."

On the same day that the above affidavit was made, the lower court filed a "decision upon plaintiff's motion to reopen the cause and conditional request to the Circuit Court of Appeals of the Ninth Circuit. Therein the

District Judge made the following statement: "In my opinion the record of this case, which is now before the Circuit Court of Appeals * ∴ * presents to that court for its decision the single question of law which was the basis of my decision holding that the plaintiff was not entitled to maintain its action for damages for a breach of contract, namely, 'that the contract between the parties was void and unenforceable from its inception.' If, however, in the opinion of the Circuit Court of Appeals my decision and judgment cannot be properly reviewed by that court upon the record as it now stands, then I am not only willing but respectfully request that the record in this case be remitted to this court in order that the plaintiff may have an opportunity upon the reopening of the case to take a proper exception to my conclusion of law holding the contract invalid and to make such other motions as counsel for plaintiff may deem advisable."

When the motion already referred to was made to this court, we ordered that it be continued for presentation and hearing with the merits of the appeal.

Our determination of this procedural question makes it unnecessary to set forth more fully herein the general tenor of the contract that forms the basis of the present controversy.

In the first place, the statute creating the United States Court for China (22 USCA § 194) provides that appeals from that tribunal "shall be regulated by the procedure governing appeals within the United States from the District Courts to the Circuit Courts of Appeals, and from the Circuit Courts of Appeals to the Supreme Court of the United States, respectively, so far as the same shall be applicable." China Press, Inc., v. Webb (C. C. A. 9) 7 F.(2d) 581, 583; Wulfsohn v. Russo-Asiatic Bank (C. C. A. 9) 11 F.(2d) 715, 716; Yangtsze Rapid S. S. Co. v. Deutsch-Asiatische Bank (C. C. A. 9) 59 F. (2d) 8, 11.

The limitations upon the power of an appellate court to review causes in which proper findings of fact and conclusions of law were not made in the court below, and proper exceptions were not saved, have been clearly and exhaustively discussed in recent decisions of the Supreme Court. As will be seen from the excerpts that follow, those limitations are not discretionary upon the reviewing court; they are mandatory.

In Fleischmann Const. Co. v. United States, 270 U. S. 349, 355–357, 46 S. Ct. 284, 287, 70 L. Ed. 624, the District Judge handed down an extended written opinion (298 F. 320) in which he considered the entire case as to the facts and law. No special findings of fact had been requested; and none were made. On the same day a judgment was entered, which "for reasons stated" in the opinion, awarded the plaintiff and the interveners recoveries upon their several claims.

Reference to the written opinion of the District Judge in the Fleischmann Case, 298 F. 320, 323–329, discloses that his discussion of the facts was far more detailed than that of the District Judge in the instant case. In the Fleischmann opinion, the several claims were treated under separate headings, and the general method there followed at least remotely resembled that adopted in the preparation of proper findings of fact. There is no such resemblance of form in the instant case.

In the Fleischmann proceeding, the defendants, without having excepted to any of the rulings or conclusions of the court or requested any special findings of fact, sued out a writ of error from the Circuit Court of Appeals. After the writ had been issued, however, the District Judge granted them a bill of exceptions, which recited that the court had filed its opinion and entered its final judgment on the same day, without notice to the parties; set forth various exceptions *then, for the first time,* noted by the defendants "to the rulings, findings of fact and conclusions of law by the court" in the opinion and judgment.

The bill of exceptions also stated that, by reason of the circumstances, the exceptions were "to be taken as severally made at the time thereof and before the entry of judgment thereon." Later the District Judge granted the defendants another bill of exceptions, embodying the evidence and the proceedings before the master, and setting forth in the same manner other exceptions to be taken, for like reason, as made before the entry of the judgment.

The Circuit Court of Appeals (298 F. 330) disposed of the case in a per curiam opinion stating that, while there was a serious question whether there was anything before it because of the want of due exceptions, it "preferred" to rest the affirmance of the judgment on the merits, as it thought that the District Court was clearly right on all the points decided.

Of such a record presented for review, the Supreme Court had this to say:

"1. The assignment of errors challenges the affirmance of the judgment because of the

action of the District Court in overruling the demurrers to the original and amended declaration and petitions; in allowing the amendments to the original declaration and petitions; and in making various other 'holdings' and 'findings' in reference to matters of law and fact. It is clear that none of these questions are open to review except those which arise upon the pleadings.

"Section 700 of the Revised Statutes [28 USCA § 875]—re-enacting a like provision in the Act of March 3, 1865, c. 86—provides that when an issue of fact in a civil cause is tried and determined by the court without the intervention of a jury, according to section 649 [28 USCA § 773], 'the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed' upon writ of error; 'and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment.'

"The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. [Many cases cited.] And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, *and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions*, as required by the statute. [Many cases cited.] *To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them.* [Cases cited.] That is, as was said in Humphreys v. Third National Bank, supra, page 855 [of 75 F.], 21 C. C. A. 542, 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and *if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only,* is it possible for him to review completely the action of the court below upon the merits.'

"These rules necessarily exclude from our consideration all the questions presented by the assignment of errors except those arising on the pleadings. All the others relate either to matters of fact or to conclusions of law embodied in the general finding. These are not open to review, as there were no special findings of fact and no exceptions to the rulings on matters of law were taken during the progress of the trial or duly preserved by a bill of exceptions. The defendants offered no exceptions to the rulings of the court until after the writ of error had issued, transferring jurisdiction of the case to the Court of Appeals. *And the recitals in the subsequent 'bills of exceptions' that the exceptions, then for the first time presented, were to be taken as made before the entry of the judgment, are nugatory.* A bill of exceptions is not valid as to any matter which was not excepted to at the trial. [Cases cited.] And it cannot incorporate into the record *nunc pro tunc* as of the time when an exception should have been taken, one which in fact was not then taken. [Cases cited.]"

In Harvey Co. v. Malley, 288 U. S. 415, 417, 418, 419, 420, 53 S. Ct. 426, 77 L. Ed. 866, after waiver of trial by jury, the judge heard the cause upon the pleadings and evidence, and gave judgment. The reasons therefor were stated in an opinion dealing generally with the issues of law and fact. The Circuit Court of Appeals affirmed the judgment, supporting its action by an opinion. 60 F.(2d) 97. A duly authenticated bill of exceptions setting forth the evidence and the proceedings at the trial was in the record; also appropriate assignments of error. No assignment made substantial claim of error based upon the pleadings alone.

According to the opinion of the Circuit Court of Appeals, 60 F.(2d) 97, 98, 99, the following were the proceedings in the District Court:

"There was a waiver of a jury trial, and the case was heard by the judge without a jury. A request for findings of fact and rulings of law was made by the plaintiff, but no special findings were made nor were the requested rulings of law either made or refused, nor were any exceptions to a refusal to rule as requested taken 'in the course of the trial.' So far as any rulings of law were made 'in the course of the trial,' with one exception, they were in favor of the plaintiff, and, though an exception was allowed in this instance, it is not relied upon in the assignments of error. * * * The findings of fact are general, and no rulings of the court were excepted to 'during the course of the trial,' which are relied on. Exceptions, following an order of judgment, to alleged rul-

ings in a written opinion of the judge assigning reasons for ordering a judgment for either party, are not rulings in the course of the trial. * * * Each of the assignments of error in this case relates *either to matters of fact or to conclusions of law embodied in the opinion.* These are not open to review, as there were no special findings of fact and no exceptions to rulings on matters of law were taken during the course of the trial and duly preserved by a bill of exceptions, and no questions of law favorable to the plaintiff are raised on the pleadings." (Italics our own.)

Approving the foregoing statement of the Circuit Court of Appeals, the Supreme Court (288 U. S. 415, 53 S. Ct. 426, 427) continued:

"Notwithstanding the condition of the record, the appellate court proceeded to discuss sundry questions beyond the pleadings, *not pertinent because not properly raised,* and decided them against the petitioner. The challenged judgment was rightly affirmed, but this should have been done upon the ground that the assignments of error presented for consideration no substantial question of law or fact." (Italics our own.)

A motion to amend the judgment of the Supreme Court in Harvey Co. v. Malley, supra, was denied. 289 U. S. 704, 53 S. Ct. 656, 77 L. Ed. 1461.

Reference to the opinion of the District Judge in the Malley Case reveals that it contained a clear though brief statement of facts. 52 F.(2d) 885. Yet, as we have seen, the Supreme Court did not consider such a statement equivalent to proper findings.

The appellant insists, however, that the "conclusions of law" above quoted is part of the "only judgment entered in the case," and that therefore, being part of "the strict record or judgment roll," it is open to review by this court.

We have seen, however, that "the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions"; that "to obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings of fact which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them"; that if a party "wishes to except to the conclusions of law drawn by the court from the facts found he

should have them separately stated and excepted to"; that "in this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits"; that a bill of exceptions "cannot incorporate nunc pro tunc as of the time when an exception should have been taken, one which in fact was not then taken"; and that "matters of fact or conclusions of law embodied in the opinion" "are not open to review, as there were no special findings of fact and no exceptions to rulings on matters of law were taken during the course of the trial * * * and no questions of law favorable to the plaintiff are raised on the pleadings."

In this contention, the appellant not only concedes, but it insists, that it does "not claim error respecting the pleadings alone, but in the ruling 'that the contract "Exhibit A" was void and unenforceable from its inception'." But, as we have seen, *that* ruling is precisely what, under the present record, we cannot review.

If further authority were necessary to establish the proposition that a conclusion of law is not part of the judgment roll, it would be found in the statement that "Mere findings or conclusions of law have no place in a judgment." 33 C. J. § 127, p. 1195. See, also, Ingram-Day Lumber Co. v. McLouth, 275 U. S. 471, 474, 48 S. Ct. 153, 72 L. Ed. 378; Gillespie v. Hongkong & Shanghai Banking Corporation (C. C. A. 9) 23 F.(2d) 670, 671, certiorari denied, 276 U. S. 635, 48 S. Ct. 420, 72 L. Ed. 743; First Nat. Bank of San Rafael v. Philippine Refining Corp. (C. C. A. 9) 51 F.(2d) 218, 221; Rasmusson v. Eddy's Steam Bakery (C. C. A. 9) 57 F. (2d) 27, 28, certiorari denied, 287 U. S. 601, 53 S. Ct. 7, 77 L. Ed. 523; Thompson-Starrett Co. v. La Belle Iron Works (C. C. A. 2) 17 F.(2d) 536, 539, 540, certiorari denied, 274 U. S. 748, 47 S. Ct. 763, 71 L. Ed. 1330; Meyers v. Allen (C. C. A. 8) 34 F.(2d) 883, 884; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983, 985, 986; Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & R. Co. (C. C. A. 8) 68 F.(2d) 787, 788.

The "decision" of the lower court on the appellant's motion to reopen the case, etc., already referred to, sets forth that, at the hearing on the motion, it was conceded that, an appeal having already been taken to this court, the court below was "without jurisdiction to grant this motion to reopen" without a remittitur from us. The appellant insists, however, that this court "should"

grant relief against any "technical objection to consideration of the merits of this appeal."

In the light of the recent expressions by the Supreme Court, already transcribed herein in extenso, we recognize no such compulsion upon us as claimed by the appellant. Indeed, under those same decisions, we seriously doubt the propriety of our sending back the record, in view of all the circumstances of the case. We recall the language of the Supreme Court. in the Fleischmann Case, supra, that "recitals in the subsequent 'bills of exceptions' that the exceptions, then for the first time presented, were to be taken as made before the entry of the judgment, are nugatory." We also recall the disapproval expressed by the highest tribunal, of an appellate court's proceeding "to discuss sundry questions beyond the pleadings, not pertinent because not properly raised."

In the instant case, it is clear that the issues cannot be determined from the pleadings alone. The "Decision and Judgment" of the court below sets forth that for nearly a year after the execution of the contract "both parties did business thereunder apparently to their mutual advantage and satisfaction and proceeded upon the assumption that they were each mutually bound by its terms and provisions and endeavored to carry out and perform their obligations thereunder in the best of faith." This is a statement of fact that is not to be found in the pleadings.

The appellee quotes copiously from the oral and documentary evidence in support of its contention that "the parties have acted pursuant to this purported contract for a period of one week short of a year, and * * * treated this as a sales contract rather than one of agency."

Indeed, the appellant itself refers with approval to the foregoing statement by the lower court, and asserts that "for nearly a year" the parties proceeded under the contract "without confusion or difficulty." The appellant again relies upon inferences to be drawn from the foregoing statement of fact by the lower court, and says:

"It may be argued that the contract did not specify any commission to be paid to the plaintiff. This, however, was no obstacle during the year in which the defendant *found it advantageous* to use the plaintiff's services." (Italics our own.)

None of the foregoing matters could have been determined from the pleadings alone. Furthermore, we cannot assume that both parties did a vain thing by introducing considerable testimony and numerous documents, much of which evidence, introduced by the appellant itself, bore directly upon the interpretation placed upon the contract by the parties thereto.

It is elementary that, when ambiguities exist in a contract, it is proper to resort to the conduct of the parties or to other extrinsic evidence to resolve the uncertainties. Indeed, the appellant concedes the validity of this doctrine, but denies "that such a situation obtains in this case." A study, however, of the opinion of the lower court, of the widely divergent views expressed in the briefs, and of the text of the contract itself, convinces us that the agreement between the parties which forms the basis of the present controversy contains serious ambiguities, to say the least.

To resolve such ambiguities it would not only be proper, but probably necessary, to resort to the conduct of the parties under the contract. To ascertain that conduct, reference to the pleadings would not be sufficient: we should have to examine the evidence. In the absence of proper findings of fact, conclusions of law, and seasonable exceptions thereto, we cannot now do this.

In view of the recent pronouncements of the Supreme Court, quoted above, as well as the numerous other authorities that we have cited, we do not feel that we should be justified in discussing "sundry questions beyond the pleadings, not pertinent because not properly raised." "The challenged judgment" should be affirmed; but, under the present record, this should be done "upon the ground that the assignments of error present for consideration no substantial question of law or fact."

Judgment affirmed.