## SHAW v. UNITED STATES.
### No. 6606.

Circuit Court of Appeals, Sixth Circuit.
Feb. 6, 1935.

Howard Simon, of Detroit, Mich. (Walter E. Oxtoby, of Detroit, Mich., and Stewart & Black, of Port Huron, Mich., on the brief), for appellant.

O. P. M. Brown, of Washington, D. C. (Gregory H. Frederick and Charles B. W. Aldrich, both of Detroit, Mich., on the brief), for the United States.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The United States filed suit against the administrator of the estate of Sydney C. McLouth to recover the balance of the purchase price of lumber and marine engines sold and delivered to McLouth by the United States Shipping Board Emergency Fleet Corporation together with the value of a quantity of miscellaneous shipbuilding material owned by the plaintiff and converted by McLouth to his own use. Defendant filed a plea of general issue, with notice of special defense. By amendment he elaborated his special defense, pleading a judgment obtained by the Ingram-Day Lumber Company against McLouth in the amount of $58,000 (Ingram-Day Co. v. McLouth, 275 U. S. 471, 48 S. Ct. 153, 72 L. Ed. 378), which judgment he alleged the plaintiff was obligated to pay under an agreement made by McLouth with the plaintiff's agent, the United States Shipping Board Emergency Fleet Corporation, and praying that the liability of McLouth's estate for the judgment be allowed as a set-off against the claim of the plaintiff. On motion of the plaintiff the trial court dismissed so much of the answer as asserted the set-off. The trial proceeded, and at the conclusion of the evidence the defendant requested that the jury be instructed that defendant was entitled to offset the judgment secured by the Ingram-Day Lumber Company against McLouth against the claim of the United States, and that as the judgment exceeded the claim of the United States, a verdict should be returned for the defendant. This instruction was refused and an exception saved. The jury returned a verdict for the plaintiff, on which there was judgment.

Section 774, tit. 28 USCA, provides: "In suits brought by the United States against individuals, no claim for a credit shall be admitted, upon trial, except such as appear to have been presented to the accounting officers of the Treasury, for their examination, and to have been by them disallowed, in whole or in part, unless it is proved to

the satisfaction of the court that the defendant is, at the time of the trial, in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the Treasury by absence from the United States or by some unavoidable accident."

The appellant contends that under the interpretation placed on this statute by United States v. Standard Aircraft Corporation (D. C.) 16 F.(2d) 307, it was the duty of the court to instruct the jury to set off the Ingram-Day Lumber Company judgment against the appellee's claim. That case holds only that it is not necessary for one who is sued by the United States and wishes to assert a credit on the claim to allege compliance with this statute; but see Fisher Flouring Mills Co. v. United States, 17 F. (2d) 232 (C. C. A. 9). Appellant did not make such an allegation in his answer, nor did he offer to prove at the trial the presentation of his claim to and its disallowance by the accounting officers of the government authorized to pass upon and allow the claim (compare U. S. ex rel. Skinner & Eddy Corporation v. McCarl, 275 U. S. 1, 12, 48 S. Ct. 12, 72 L. Ed. 131), or that he was prevented from exhibiting the claim to such officers by absence from the United States or by some unavoidable accident. He was not prevented from offering such proofs by the order dismissing his plea. That order provided: "That for the purpose of completing the record on review, defendant is permitted to make formal proffer of proofs as to the allegations contained in said amended answer and cross bill, as to the Ingram-Day transaction set forth in the amendment." He did offer to prove that judgment in favor of the Ingram-Day Lumber Company was rendered against the estate of McLouth, that neither the United States Shipping Board Emergency Fleet Corporation nor the United States had paid the judgment, and that claim for the amount of the judgment had been presented to the estate of McLouth for payment, but he did not offer to prove that he had presented his claim for credit based on the judgment to the proper accounting officers of the government for their examination and that it had been disallowed by them, or that he was prevented from exhibiting the claim to such officers by absence from the United States or by some unavoidable accident. Failing to offer proof of one or the other of these conditions upon which the statute permits the assertion of a claim for credit in a suit brought by the United States, it was proper for the trial court to refuse to direct the jury to allow the claim as a set-off. Smythe v. United States, 188 U. S. 156, 173, 23 S. Ct. 279, 47 L. Ed. 425.

The judgment is affirmed.