**MERTZ v. HICKEY, Collector of Internal Revenue.**

No. 244, Docket No. 20562.

Circuit Court of Appeals, Second Circuit.

June 30, 1947.

George F. Thompson and Warner F. Thompson, both of New York City, for appellant.

Sewall Key, Acting Asst. Atty. Gen., Lee A. Jackson and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Irving J. Higbee, U. S. Atty., of Syracuse, N. Y., for appellee.

Before L. HAND, CHASE. and CLARK, Circuit Judges.

CHASE, Circuit Judge.

■ It is apparent from the above that when the appellant was paid the $36,739.-34 as his share of the proceeds of the settlement of the suit he and the attorneys brought against Mrs. de Landa he received some part of it as payment for the services he performed in aid of the contest of the will. Had he proved that some part of it was in satisfaction of his claim as a legatee in the settlement of the controversy over the will that much would not have been taxable, Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, but he did not do that.

■ Under the heading "Conclusions of Law" which the trial judge added to findings of fact which he made and designated as such he wrote as follows: "The amount received by the plaintiff as his share of the $75,000, paid by Mrs. de Landa in settlement of the action brought by the plaintiff and Goodman and Werner was not a gift, legacy, devise or inheritance to the plain-tiff, but was paid to the plaintiff as compensation for services rendered." This finding of fact that the payment was compensation for his services is well supported by substantial evidence in the record and we, accordingly, accept it to show that the amount thus received by the appellant was his taxable income no part of which was exempt under the section of the Internal Revenue Code above mentioned. Consequently he failed to carry his burden to show that the government had money in its possession justly belonging to him. Arthur C. Harvey Co. v. Malley, 1 Cir., 60 F.2d 97.

Judgment affirmed.

L. HAND, Circuit Judge (concurring).

I concur upon the first ground stated in Judge CHASE'S opinion.